■ DENNIS HAYES, Appellant, v ESTEE LAUDER COMPANIES, INC., et al., Respondents. [825 NYS2d 237]—

In an action, inter alia, to recover damages for discrimination on the basis of disability in violation of Executive Law § 296, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Hudson, J.), entered June 16, 2005, as, upon a jury verdict on the issue of liability, is in favor of the defendants and against him on the first cause of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Dennis Hayes, alleged that, after he underwent two surgeries on his left knee which limited his ability to walk, his then-employer, the defendant Estee Lauder Companies, Inc. (hereinafter Lauder), violated Executive Law § 296, also known as the New York State Human Rights Law (hereinafter NYSHRL), by failing to provide reasonable accommodations that would have enabled him to perform his job as a production supervisor during a two-month period from December 8, 1999 through February 8, 2000. After that period, the plaintiff did not return to work at the plant and asserted that he was totally disabled.

After trial, the jury returned a verdict finding that the plaintiff met his burden of proving that he was disabled within the meaning of the NYSHRL, that he requested reasonable accommodation from Lauder, and that he could have performed the essential duties of his position with reasonable accommodations. However, the jury found that the plaintiff did not prove that Lauder failed to provide reasonable accommodation. On appeal, the plaintiff contends that the jury's verdict was against the weight of the evidence, and that the trial court should have given the jury additional instructions concerning Lauder's obligation to engage in an interactive process to determine whether reasonable accommodations could be provided.

Although the plaintiff did not make any post-trial motions, we have authority to review the plaintiff's contention that the jury's verdict was against the weight of the evidence (*see Landau v Rappaport*, 306 AD2d 446 [2003]; *Sanford v Woodner Co.*, 304 AD2d 813 [2003]; 4 NY Jur 2d, Appellate Review § 653). On the merits, we find no basis to hold that the jury verdict was

against the weight of the evidence since the jury's finding that Lauder endeavored to provide the plaintiff with reasonable accommodations during the two-month period following his return to work was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]).

Contrary to the plaintiff's contention, the trial court properly charged the jury on the essential elements of a claim of discrimination based on disability under the NYSHRL (*see* Executive Law § 296 [3] [a]), and the charge was consistent with New York Pattern Jury Instructions (*see* PJI 9:4.1 [2006]). Federal precedent interpreting the Americans with Disabilities Act, 42 USC § 12201 *et seq.* (hereinafter the ADA), which provides persuasive guidance in interpreting analogous provisions of New York law (*see McGrath v Toys "R" Us, Inc.,* 3 NY3d 421, 429 [2004]), holds that "[t]he ADA envisions an 'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated" (*Jackan v New York State Dept. of Labor,* 205 F3d 562, 565-566 [2000], *cert denied* 531 US 931 [2000], quoting 29 CFR 1630.2 [o] [3]). Somewhat similarly, the regulations adopted pursuant to the Human Rights Law require the employer to "move forward to consider accommodation once the need for accommodation is known or requested" (9 NYCRR 466.11 [j], [k]). However, there is no controlling or persuasive authority holding that an employer may be held liable based solely on its failure to engage in an interactive process with an employee, absent a showing that the breakdown of the interactive process led to the employer's failure to provide a reasonable accommodation (*see Lovejoy-Wilson v NOCO Motor Fuel, Inc.,* 263 F3d 208, 218-219 [2001], *on remand* 242 F Supp 2d 236, 243-244 [2003]; *Pimentel v Citibank, N.A.,* 29 AD3d 141, 148-149 [2006], *lv denied* 7 NY3d 707 [2006]; *see generally* 3C Federal Jury Prac & Instruction ch 172 [5th ed]). Since the charge given by the trial court adequately conveyed the "sum and substance of the applicable law," there is no basis for reversal (*Phillips v United Artists Communications,* 201 AD2d 634, 635 [1994]).

The plaintiff's further contention, that the trial court should have provided additional instructions to the jury concerning the nature of a "covered disability" triggering the employer's duty to consider accommodations, provides no basis for reversal since the jury specifically found that the plaintiff did have a disability within the meaning of the statute. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.