Gibbons v State of New York (2022 NY Slip Op 04153)

Gibbons v State of New York

2022 NY Slip Op 04153

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-09593
 (Index No. 601894/15)

[*1]Michael Gibbons, appellant,
v
State of New York, et al., respondents.

Daniel M. Bauso, Jamaica, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for discrimination in employment on the basis of disability in violation of the New York State Human Rights Law, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered May 24, 2019. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff began working for the defendant New York State Unified Court System Office of Court Administration (hereinafter OCA) as a court officer on April 16, 2001, and initially was assigned to Queens County Family Court. At the time, the plaintiff had already been diagnosed with Crohn's disease and primary sclerosing cholangitis, a related liver condition. In October 2009, the plaintiff was charged with pointing his gun at another officer, pursuant to which he entered into a stipulation providing that a formal letter of reprimand indicating he engaged in this conduct was to be placed in his file. He was subsequently transferred to Kings County Family Court.
The plaintiff's medical condition allegedly worsened following the incident, and in July 2012, the plaintiff moved his residence from Queens County to Suffolk County, which lengthened his commute. The plaintiff claimed he made several requests to his supervisors, which they deny receiving, as well as to the OCA, to be transferred to a court closer to where he lived to shorten his commute, but was never transferred. Eventually, the plaintiff's condition worsened to the point that he could no longer perform his job. The plaintiff applied for sick leave bank benefits on September 24, 2014, which were granted based on his obtaining disability retirement and social security disability.
In February 2015, the plaintiff commenced this action against the defendants to recover damages for discrimination on the basis of disability in employment in violation of the New York State Human Rights Law (Executive Law § 290 et seq.) (hereinafter the State HRL). The action proceeded to a jury trial. Following the trial, the jury returned a verdict finding that the plaintiff demonstrated that he had a disability and that he requested an accommodation to move to another court, but that his accommodation request was not reasonable. Judgment was entered upon [*2]the verdict, and the plaintiff appeals.
The plaintiff contends that the Supreme Court erred in failing to give the jury additional instructions concerning the defendants' obligation to engage in a good faith interactive process to determine whether a reasonable accommodation could be provided. Contrary to the plaintiff's contention, the court properly charged the jury on the essential elements of a claim of discrimination based on disability under the State HRL (see Executive Law § 296[3][a]). A good faith interactive process is not an independent element of the disability discrimination analysis under the State HRL, and an employer may not be held liable based solely on its failure to engage in an interactive process with an employee (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 838; Hayes v Estee Lauder Cos., Inc., 34 AD3d 735, 737). "At a trial on a State HRL claim, the plaintiff employee still bears the burden of proving the existence of a reasonable accommodation that would have enabled the employee to perform the essential functions of his or her position" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 838). Here, whether the defendants engaged in an interactive process was not an issue, as the evidence demonstrated that no reasonable accommodation was possible (see generally Whitney v Bronx-Lebanon Hosp. Ctr., 150 AD3d 587, 588; Pimentel v Citibank, N.A., 29 AD3d 141, 147-148; McBride v BIC Consumer Products Mfg. Co., Inc., 583 F3d 92, 100 [2d Cir]; Soto-Ocasio v Federal Exp. Corp., 150 F3d 14, 19 [1st Cir]). Based on the record, the jury fairly determined that the OCA could not have reasonably accommodated the plaintiff's request for a transfer.
Since the charge given by the Supreme Court adequately conveyed the "sum and substance of the applicable law," there is no basis for reversal (Hayes v Estee Lauder Cos., Inc., 34 AD3d at 737 [internal quotation marks omitted]).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court